IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JERRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-6284-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social supplemental security income benefits. Plaintiff asserts disability beginning in 1974 due to degenerative disc disease, attention deficit hyperactivity disorder, depression, bipolar disorder, and one leg being shorter than the other. On May 9, 2002, an administrative law judge (ALJ) determined

1 - ORDER

that plaintiff was not disabled. Plaintiff ultimately appealed the decision to the United States District Court, but the Commissioner stipulated to a remand for further administrative proceedings.

After a second administrative hearing, the ALJ again determined that plaintiff is not entitled to benefits.

Plaintiff contends the ALJ erred in: (1) failing to properly evaluate the medical evidence; (2) failing to provide clear and convincing reasons to discredit plaintiff's testimony; and (3) improperly evaluating lay witness testimony.

1. Medical Evidence

Plaintiff contends that the ALJ erred in improperly interpreting the opinions of Drs. Julie Redner, Bruce Matthews, and Alden Forrester.

Plaintiff argues that the ALJ misconstrued Dr. Redner's opinion as indicating an ability to work. Plaintiff contends that Dr. Redner's statement that plaintiff could benefit from vocational training (Tr. 192) is not clear. The ALJ drew logical inferences from Dr. Redner's assessment (Tr. 187-192). While Dr. Redner did note some impairments, the ALJ did not err because Redner's evaluation does not preclude simple, routine, repetitive work.

Plaintiff argues that the ALJ erred in discrediting treating physician Matthews opinion that plaintiff would have moderate difficulties in social functioning and marked limitations in

2 - ORDER

maintaining concentration, persistence and pace due to combined psychological and pain issues. Tr. 373. The ALJ properly discredited Dr. Matthews opinion because it was partly based on plaintiff's unreliable reports. As discussed below, plaintiff lacks credibility. In addition, Dr. Matthews is not a specialist in psychiatric or psychological treatment. Accordingly, the ALJ appropriately relied on other medical and objective evidence of record to discount Dr. Matthews opinion based on clear and convincing evidence.

Plaintiff contends that the ALJ erred in rejecting Dr. Forrester's opinion that plaintiff would have difficulty finding a and holding a job due to chronic pain, fatigue and mood disorders. Tr. 513-15. The opinion is not entirely probative of plaintiff's ability to work and is vague. It is not clear if Dr. Forrester limited plaintiff to 50 pounds of lifting or 20 pounds. See Tr. 513 and 514. Moreover, it is not clear if Dr. Forrester meant to preclude medium work or all work temporarily. Compare Tr. 514 with Tr. 515. The ALJ's failure to address the opinion is harmless given the reliance on probative medical evidence indicative of the ability to work.

2. Plaintiff's Credibility

Plaintiff contends that ALJ erred in failing to credit his testimony regarding his limitations.

3 - ORDER

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that he produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of his symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider,

4 - ORDER

for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . .  In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ rejected plaintiff's testimony noting the allegations were disproportionate to the medical evidence. Tr. 330. In addition, plaintiff has been addicted to heroine for over 20 years and has used cocaine, methamphetamine and marijuana. Tr. 196, 281, 477. The ALJ concluded that plaintiff complained of pain to treating sources in an effort to obtain drugs, to avoid work while continuing to receive benefits, and to bolster his case for disability. Tr. 330. The record contains statements from doctors that plaintiff was engaging in misrepresentation such as statements that he quit abusing drugs and angry when his drug seeking attempts were thwarted. See, e.g., Tr. 203, 234, 300. Plaintiff also has a history of convictions for various crimes including crimes of dishonesty. Tr. 188, 331. (forgery, theft, robbery).  The ALJ also noted a sporadic almost non-existent work history even prior to the alleged onset date. Tr.

5 - ORDER

331. Accordingly, the ALJ provided clear and convincing reasons for discrediting plaintiff's statements of alleged disability.


### 3.   Lay Witness Testimony

Plaintiff contends that the ALJ erred in failing to acknowledge plaintiff's brother's testimony that plaintiff needed special accommodations to work.  Plaintiff worked for his brother, "off the books" for approximately 20 hours a week and his brother stated that it was difficult to keep plaintiff focused and that plaintiff could only handle part-time work.  The ALJ noted that plaintiff's brother testified that plaintiff was doing better on medication and was currently seeking work.  Tr. 331.  The ALJ generally accepted plaintiff's brother's observations and found them useful to establish that plaintiff had the ability to perform work when interested, but of little use in determining plaintiff's overall ability to work.  The ALJ did not err with respect to his evaluation of plaintiff's brother's observations.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.


DATED this ___19th___ day of __August__, 2006.

                                            s/ Michael R. Hogan
                                   UNITED STATES DISTRICT JUDGE

6 - ORDER